IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS GARCIA : | |
| 914 Elliger Street : | |
| Allentown, PA 18102 : | |
|           Plaintiff, : | |
|   v. : | |
| : | |
| PENRAC, LLC : | |
| 2625 Market Place : | |
| Harrisburg, PA 17110 : | |
| : | Civil Action No. _____ |
|      and : | |
| : | |
| ENTERPRISE HOLDINGS, INC. : | Trial by Jury Requested |
| 5661 Hamilton Boulevard : | |
| Allentown, PA 18106 : | |
|           Defendant. : | |

**CIVIL COMPLAINT**

Plaintiff, Nicholas Garcia, by and through his attorneys, Derek Smith Law Group, PLLC, hereby brings the following allegations against Defendant, PENRAC, LLC, and/or Defendant, Enterprise Holdings, Inc., for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101 *et. seq.* as amended by the Americans with Disabilities Amendment Act of 2008 ("ADAA"), the Pennsylvania's Human Relations Act, ("PHRA"), 43 P.S. §§951-963, and for violations of public policy for retaliating against Plaintiff for having made a claim for Workers' Compensation benefits under Shick v. Shirey, 552 Pa. 590 (1998).  Plaintiff alleges and avers:

Parties

1. Plaintiff, Nicholas Garcia, is an adult male individual that suffers from various mental and physical conditions, which are disabilities, and was at all times relevant to this litigation, an employee for Defendant, PENRAC, LLC, and/or Defendant, Enterprise Holdings, Inc., working most recently at 5661 Hamilton Boulevard, Allentown, PA 18106.

2. Defendant, PENRAC, LLC, is a limited liability company duly existing under the laws of the Commonwealth of Pennsylvania with a place of business at the above captioned address and with a registered agent to accept service at CT Corporation System, 116 Pine Street, #320, Harrisburg, PA 17101.

3. Defendant, Enterprise Holdings, Inc. ("Enterprise"), is a corporation duly existing under the laws of the Commonwealth of Pennsylvania with its headquarters and principal place of business located at 2625 Market Place, Harrisburg, PA 17110, where it accepts legal service, and with a registered office at the above captioned address where Plaintiff worked as an employee and all conduct alleged herein occurred.

4. Defendant, PENRAC, LLC, and/or Defendant, Enterprise, agreed, accepted, adopted, acquiesced, and/or otherwise is/was bound by the actions, omissions, and conduct of its owners, officers, managers, supervisors, employees, and agents including Human Resources employee Amy Trujillo and Branch Manager Tony Guzie.

5. Plaintiff has completed all prescriptions to bringing claims of discrimination as he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Pennsylvania Human Relations Commission ("PHRC") and has received a Notice of Right to Sue after which he timely filed this complaint.

Jurisdiction and Venue

6. Subject matter jurisdiction is appropriate before this Court under Federal Question Jurisdiction, 28 U.S.C. §1331, and Supplemental Jurisdiction, 28 U.S.C. §1367.

7. Personal jurisdiction and venue are appropriate before this Court as Defendant resides and/or reasonably avails itself of the Commonwealth of Pennsylvania and all actions giving rise to this litigation occurred in the Eastern District of Pennsylvania. (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia Counties).

Summary of Facts

8. Plaintiff began work for Defendant PENRAC, LLC and/or Defendant, Enterprise, (hereinafter referred to jointly and/or individually as "Defendants") on or around September 28, 2015 and continued to work for Defendants continuously until around April 26, 2018 when Defendants Branch Manager Tony Guzie told Plaintiff he was fired.

9. Plaintiff is a forty-five-year-old Hispanic male individual who suffers from various disabilities including mental health disabilities such as depression, anxiety, and panic attacks and physical disabilities including spinal stenosis and obesity. Plaintiff receives Social Security Disability benefits.

10. Plaintiff worked part-time (25 hours a week) and earned $9.00 an hour.

11. Defendants were on notice from Plaintiff's application for employment that has disabilities, and from his interview that he receives Social Security Disability benefits.

12. Plaintiff was working for Defendant initially as a part-time Service Agent, which involved cleaning cars, but due to worsening conditions of his back and/or advice of medical professionals, Plaintiff had to stop cleaning cars.

13. Defendants then turned Plaintiff into a driver.

14. On April 17, 2018 Plaintiff was injured in the course and scope of his employment in a motor vehicle crash.

15. Plaintiff had to seek emergency medical care and treatment as a result of the crash including emergency care at St. Luke's Hospital.

16. On April 18, 2018 Plaintiff made a claim for Workers' Compensation benefits and requested information about Panel Physicians, to begin treatment.

17. Plaintiff began treating at Cedar Crest EmergiCenter and was put on light duty or restricted duty, with a no driving restriction and further restrictions of no (or occasional) squatting, reaching, or bending.

18. On or about April 23, 2018 Plaintiff communicated with Human Resources Coordinator, Amy Trujillo, about a return to work with restrictions and Ms. Trujillo agreed to return Plaintiff to work on April 25, 2018 with restrictions or accommodations. Plaintiff was to contact Branch Manager and his direct supervisor Tony Guzie.

19. Plaintiff contacted Mr. Guzie via text message and was informed by Mr. Guzie that Defendant(s) believed the no driving restriction pertained to commercial vehicle only and that Plaintiff would be driving.

20. Even on April 25, 2018 Mr. Guzie texted Plaintiff "You accommodation's are whatever you need. All you would be doing is driving. Not cleaning, bending or anything like that."

21. On April 26, 2018 Plaintiff appeared for work but was asked to do work outside his capabilities and/or against doctor's orders.

22. Mr. Guzie asked Plaintiff to clean cars and then asked Plaintiff to drive cars but Plaintiff informed of his medical restrictions.

23. Mr. Guzie then told Plaintiff if he could not clean cars or drive then he is no good to him and Plaintiff is fired.

24. Plaintiff's doctor ordered work restrictions continued to May 30, 2018.

25. Plaintiff did not return to work after April 26, 2018 as the atmosphere had become intolerable and Defendants would not accommodate his condition/injuries/restrictions.

26. Defendants failed to reasonably accommodate Plaintiff.

27. Defendants retaliated against Plaintiff for having requested accommodations and/or having requested Workers' Compensation benefits.

28. Defendants discriminated against Plaintiff with respect to his disabilities.

29. As a direct and proximate result of Defendants conduct, Plaintiff has loss of wages, loss of amenities of employment, and emotional damages including abandonment issues, anxiety, chronic pain, depression, difficulty with memory, panic attacks, stress, and other conditions.

## COUNT ONE
**Failure to Reasonably Accommodate / Engage Interactive Process in Good Faith**
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
**Plaintiff v. Defendants**

30. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

31. Defendants is an/are employer(s) under the ADA as it/they is/are engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

32. Plaintiff is a qualified individual with a disability he has "a physical or mental impairment that substantially limits one or more major life activities of such individual" and/or "being regarded as having such an impairment." 42 U.S.C. §12102(a) *and also* 29 C.F.R. §1630.2(g).

33. Specifically, Plaintiff's conditions (those pre-existing his employment and those suffered in April of 2018) substantially limited and/or impaired his ability to breath, exercise, stand, work, focus, bend, squat, and/or other related daily activities, but Plaintiff could do the essential functions of his job without or without a reasonable accommodation.

34. Defendants were on notice of Plaintiff's disabilities having accommodated Plaintiff in changing his job duties/responsibilities from a Service Agent, cleaning vehicles, to a driver.

35. Defendants were on notice of the injuries Plaintiff suffered in the accident that qualify as disabilities.

36. Plaintiff and Defendants discussed accommodations, however, Defendants never provided an accommodation for Plaintiff and/or leave of absence.

37. Defendants had engaged the interactive process in bad faith as Defendants misconstrued Plaintiff's physical capabilities and also Defendants did not communicate with supervisors and thus Plaintiff was being asked to do work outside his physical capabilities.

38. Defendants did not engage the interactive process in good faith.

39. Defendants did not attempt to reasonably accommodate Plaintiff.

40. Defendants did not reasonably accommodate Plaintiff.

41. Defendants had various positions, shifts, and/or assistive measures available to accommodate Plaintiff but did not accommodate him reasonably, so he could do his job.

42. An accommodation would not have caused any undue hardship on Defendants.

43. Instead of accommodating Plaintiff, Defendants terminated Plaintiff.

44. As a result of Defendants' refusal and/or failure to reasonably accommodate Plaintiff, he was terminated and/or constructively discharged.

45. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, embarrassment, humiliation, pain and suffering, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

46. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

47. Plaintiff seeks reemployment, with accommodation.

WHEREFORE, Plaintiff, Nicholas Garcia, hereby demands judgment in his favor and against Defendant, PENRAC, LLC, and Defendant, Enterprise Holdings, Inc., for any and all damages deemed necessary and just by the Court.

### COUNT TWO
### Disparate Treatment
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
### Plaintiff v. Defendants

48. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

49. At all times Defendant was aware of Plaintiff's disabilities, including the chronic disabilities pre-existing his employment, and more recent disabilities.

50. Defendants disciplined and terminated Plaintiff in disparate manner in relation to similarly situated individuals who did not have disabilities.

51. Defendants did not attempt to reasonably accommodate Plaintiff.

52. Defendants terminated Plaintiff instead of granting him an accommodation or leave of absence.

53. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of

employment, out of pocket expenses, emotional damages, embarrassment, humiliation, pain and suffering, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

54. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, Nicholas Garcia, hereby demands judgment in his favor and against Defendant, PENRAC, LLC, and Defendant, Enterprise Holdings, Inc., for any and all damages deemed necessary and just by the Court.

## COUNT THREE
**Retaliation**
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
**Plaintiff v. Defendants**

55. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

56. Plaintiff engaged in protected activity when he discussed with Defendant(s) a reasonable accommodation.

57. Plaintiff engaged protective activity when he requested a reasonable accommodation.

58. Plaintiff engaged protective activity when he engaged the interactive process.

59. In retaliation for Plaintiff's requests for accommodation, Defendant began to disparately discipline Plaintiff and terminated Plaintiff.

60. Defendant's foregoing negative and adverse actions were temporally proximate to Plaintiff's protected activity such that they are unusually suggestive of a retaliation and thus no further evidence is required of retaliation.

61. Alternatively, evidence exists to show Defendant's forgoing negative and adverse conduct was causally related to the protected activity, and thus retaliatory.

62. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

63. Defendants actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, Nicholas Garcia, hereby demands judgment in his favor and against Defendant, PENRAC, LLC, and Defendant, Enterprise Holdings, Inc., for any and all damages deemed necessary and just by the Court.

## COUNT FOUR
### Discrimination, Failure to Accommodate, and Retaliation
*Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951-963*
### Plaintiff v. Defendants

64. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

65. Defendants is/are an employer under 43 P.S. §951 *et. seq.* as it/they employ the requisite number of individuals (four) within the Commonwealth of Pennsylvania to be subject to the Pennsylvania Human Relations Act ("PHRA").

66. Plaintiff is an employee under the PHRA as he is employed by an employer.

67. Plaintiff is a qualified individual with a disability.

68. Defendants discriminated, harassed, created a hostile work environment, disparately treated, and/or retaliated against Plaintiff on the basis of disability as alleged *supra* and thus violated the PHRA.

69. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has loss of wages, loss of back pay, loss of front pay, out of pocket expenses, pain, suffering, mental anguish, loss of reputation, and other damages.

70. Plaintiff seeks attorney's fees and costs.

71. Alternatively, Defendants' actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed motive theory of liability.

WHEREFORE, Plaintiff, Nicholas Garcia, hereby demands judgment in his favor and against Defendant, PENRAC, LLC, and Defendant, Enterprise Holdings, Inc., for any and all damages deemed necessary and just by the Court.

## COUNT FIVE
### Retaliation—Workers Compensation Claim
### Violation of Public Policy - *Shick v. Shirey*, 552 Pa. 590 (1998).
### Plaintiff v. Defendant

72. Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

73. Under the Pennsylvania Supreme Court decision in Shick v. Shirey, 552 Pa. 590 (1998), it is a violation of public policy and thus an exception to the at-will employment status for an employer and/or individual to retaliate against an employee for having exercised his or her rights under the Workers' Compensation Act.

74. Plaintiff suffered an injury at work that caused him to miss work and caused restricted duties.

75. Plaintiff placed Defendants on notice of his work-related injury and need for medical assistance and a claim for Workers' Compensation benefits/coverage.

76. Defendants interfered with Plaintiff's attempts to seek relief under the Workers Compensation Act and retaliated against him by terminating him days after his claim.

77. The temporal proximity of Plaintiff's protected activity (seeking medical relief for a work-related injury and possible indemnity benefits) to his removal and/or reduction in schedule is of an unusually suggestive temporal proximity to raise an inference of retaliation and/or evidence exists of a causal relation between the protected activity and retaliation/removal and reduction in schedule.

78. As a direct and proximate result of Defendants retaliation, Plaintiff has damages and harms including loss of earnings, loss of wages, out-of-pocket expenses, mental anguish, embarrassment, humiliation, loss of reputation, and other related harms.

WHEREFORE, Plaintiff, Nicholas Garcia, hereby demands judgment in his favor and against Defendant, PENRAC, LLC, and Defendant, Enterprise Holdings, Inc., for any and all damages deemed necessary and just by the Court.

DEREK SMITH LAW GROUP, PLLC

By: _____
CHRISTOPHER J. DELGAIZO, ESQ.
Attorneys for Plaintiff

Attorney I.D. No. 200594
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: June 7, 2019